UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number:06-14269-CIV-MARTINEZ-WHITE**

TERRY GLISPY,

    Plaintiff,

vs.

ROY RAYMOND, et. al.,

    Defendants.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE WHITE'S REPORT AND ALLOWING DEFENDANTS PROUTY, PRATT AND STRICKLAND TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report on Plaintiff Terry Glispy's ("Plaintiff" or "Glispy") pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 against Defendants Roy Raymond ("Raymond"), Selby Strickland ("Strickland"), Leonie Pratt ("Pratt"), Walter Gregg ("Gregg"), Troy Stallings ("Stallings"), and Scott Prouty ("Prouty").  In this case, Plaintiff's claims arise from an altercation that occurred while he was a pretrial detainee at the Indian River County Main Jail on February 12, 2004.  Specifically, Plaintiff alleges that while he was in the recreation area, he was attacked and severely injured by inmate Craig Bell.  He alleges that Defendant officers' deliberate indifference in allowing this situation to occur and in failing to intervene in this situation resulted in a violation of his civil rights.

Magistrate Judge White has prepared a Report on Defendant Prouty's Motion for Summary Judgment (D.E. No. 82), Defendant Stallings's Motion for Summary Judgment (D.E.

No. 83), Defendant Gregg's Motion for Summary Judgment (D.E. No. 84), Defendant Pratt's Motion for Summary Judgment (D.E. No. 85), Defendant Strickland's Motion for Summary Judgment (D.E. No. 86) and Defendant Raymond's Motion for Summary Judgment (D.E. No. 87).  Magistrate Judge White's Report recommends granting Defendants Stallings, Gregg, and Raymond's motions for summary judgment and recommends denying Defendants Prouty, Pratt, and Strickland's motions for summary judgment.  Defendants Prouty, Pratt and Strickland have objected to Magistrate Judge White's recommendation.  The Court has reviewed the entire file and record and notes that no other objections have been filed.  After careful consideration, the Court adopts Magistrate Judge White's Report in part, and the Court allows Defendants Prouty, Pratt and Strickland to file a supplemental motion for summary judgment.

Defendants Prouty, Pratt, and Strickland object to Magistrate Judge White's Report, arguing that they understood from the Amended Complaint (D.E. No. 11), Magistrate Judge White's previous report on the Amended Complaint (D.E. No. 12), and this Court's adoption of the previous report (D.E. No. 20), that they were defending against a single claim of endangerment based upon the commingling shackled and unshackled inmates in the recreation area. Defendants Prouty, Pratt, and Strickland, argue, however, that their motions for summary judgment were denied on the basis of the different claim of "a failure to protect Plaintiff related to the alleged untimeliness of the response to the altercation."  (D.E. No. 102 at 2).  Defendants Prouty, Pratt, and Strickland argue that they were unaware that these claims were at issue and thus, they did not move for summary judgment on these claims and moved only for summary judgment on Plaintiff's claims relating to endangerment based on the commingling of shackled and unshackled inmates.  Defendants Prouty, Pratt, and Strickland also argue that it appears that

Magistrate Judge White did not even construe the claim related to commingling as having been asserted against them as he recommends that their motions be denied in their entirety.

After careful consideration, the Court finds that the Amended Complaint clearly asserts a claim based upon the officers' failure to intervene in the attack. The Amended Complaint states that the altercation "was obviously visible from the officer's tower, [however,] no other jail officials intervened for approximately 10-15 minutes." (D.E. No. 11 at 6). Moreover, Magistrate Judge White's preliminary report does mention that Plaintiff's failure to protect or endangerment claim included an allegation that although "the fight was visible . . . [from] the control tower, no guards intervened for 10 to 15 minutes." (D.E. No. 12 at 4). In addition, neither Magistrate Judge White's preliminary report nor the Court's order adopting this report limited Plaintiff's endangerment claim to only the commingling of inmates.

The Court, however, acknowledges that there appears to by a typographical error in Plaintiff's Amended Complaint in which he states:

> Plaintiff claims that Defendants Roy H. Raymond, Lt. Selby Strickland, Sgt. Leonie Pratt, Deputies Scott Prouty, Walter Gregg, and Troy Stallings acted with a deliberate disregard to Plaintiff's safety in allowing him to commingle, in shackles, with other inmates who were unfettered in their movement, [sic] supplying succor to his person in a timely manner.

(D.E. No. 11 at 8). It appears that Plaintiff meant to state "*and in not* supplying succor to his person in a timely manner," especially in light of the other statement in the Amended Complaint referenced above. Thus, in light of this typographical error and in light of the fact that the Court finds that Plaintiff will not be prejudiced by allowing Defendants to file a supplemental motion for summary judgment, the Court will allow Defendants Prouty, Pratt and Strickland to file a supplemental motion for summary judgment on the remaining issue in this case.

The Court also finds that Plaintiff asserted his claims related to commingling against all Defendants in this case. Thus, Defendants Prouty, Pratt, and Strickland's motions for summary judgment should be granted as to these claims relating to the commingling of inmates on the basis of qualified immunity just as Magistrate Judge White recommends that Defendants Stallings, Gregg, and Raymond's motions for summary judgment should be granted. Defendants Prouty, Pratt, and Strickland's motions, however, are granted in part and denied in part as Defendants Prouty, Pratt, and Strickland argue that the entry of summary judgment on this issue resolves this case. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report **(D.E. No. 100)** is **AFFIRMED in part** and **ADOPTED in part**. Accordingly, it is

**ADJUDGED** that

1. Defendant Prouty's Motion for Summary Judgment (D.E. No. 82) is **GRANTED in part and DENIED in part.**

2. Defendant Stallings's Motion for Summary Judgment (D.E. No. 83) is **GRANTED**.

3. Defendant Gregg's Motion for Summary Judgment (D.E. No. 84) is **GRANTED**.

4. Defendant Pratt's Motion for Summary Judgment (D.E. No. 85) is **GRANTED in part and DENIED in part**.

5. Defendant Strickland's Motion for Summary Judgment (D.E. No. 86) is **GRANTED in part and DENIED in part**.

6. Defendant Raymond's Motion for Summary Judgment (D.E. No. 87) is **GRANTED**.

7.      **On or before March 13, 2009**, Defendants Prouty, Pratt, and Strickland shall file a supplemental joint motion for summary judgment[1] on the remaining claim in this case relating to their failure to intervene in the altercation which took place on February 12, 2004, and their failure to provide succor to Plaintiff in a timely manner.  **No extensions of this deadline will be granted**.  **On or before April 3, 2009**, Plaintiff Glispy shall file a response to any supplemental motion for summary judgment filed by the remaining Defendants.  Plaintiff is cautioned in filing his response to consider Federal Rule of Civil Procedure 56.  Specifically, Plaintiff should consider Rule 56(e)(2) which provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

In addition, Plaintiff is cautioned as stated previously by Magistrate Judge White that

> Any issue determined by summary judgment will not be tried.  If a summary judgment is granted as to all issues, there will be no trial and a final judgment will be entered without further proceedings.
>
> The evidence presented by the defendant[s] in support of the motion for summary judgment may be accepted by the Court as true if it is not contradicted by affidavits or other sworn evidence such as depositions, submitted by the

---

[1] The Court notes that this means that it will not consider three separate motions for summary judgment from Defendants on this remaining claim.  All three Defendants, who are represented by the same attorney and filed almost identical motions on the other issue in this case, shall file one motion.

plaintiff.

The plaintiff cannot rely solely on his complaint and other initial pleadings, but must respond with affidavits, depositions, or otherwise, to show that there are material issues of fact which require a trial.

(D.E. No. 88 at 2). Defendants Prouty, Pratt, and Strickland shall file a reply to any response filed by Plaintiff Glispy **on or before April 13, 2009.**

DONE AND ORDERED in Chambers at Miami, Florida, this 3 day of March, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge White
All Counsel of Record
Terry Glispy, pro se