UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division
**Case Number:06-14269-CIV-MARTINEZ-WHITE**

TERRY GLISPY,
    Plaintiff,

vs.

ROY H. RAYMOND, et al.,
    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE WHITE'S REPORT AND CLOSING CASE

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report on Plaintiff's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Specifically, Magistrate Judge White prepared a report on the three remaining Defendants, Prouty, Pratt, and Strickland's motions for summary judgment, and has recommended that these motions be granted. *See* (D.E. No. 119). The Court has reviewed the entire file and record and has made a *de novo* review of the issues presented in Plaintiff's objections to Magistrate Judge White's Report. After careful consideration, this Court affirms and adopts Magistrate Judge White's Report and grants Defendants' motions for summary judgment.

Plaintiff objects to Magistrate Judge White's Report arguing that on the day of the incident in question "Defendants knew of the potential danger that they continually placed Plaintiff and other similarly situated inmates in, and that there was not sufficient security personnel on the recreation yard to make a reasonable response." (D.E. No. 120 at 2). The Court, however, finds that Magistrate Judge White has already specifically addressed Plaintiff's argument in his Report. Magistrate Judge White found that "there is nothing [in the record] to

establish that the three defendants, Strickland, Pratt, and Prouty had reason to believe that Bell or any other inmate in particular, posed a known risk of harm to Glipsy, so as to require that they (the defendant officers) should take some precautionary measure to protect Glispy from harm," and Plaintiff has not challenged this finding by arguing that other specific evidence exists in the record. *See* (D.E. No. 119 at 11).[1] In this case, there was no evidence in the record that there existed a substantial risk of serious harm, that the defendants were subjectively aware of the risk, and that the defendants nonetheless responded to the risk in an objectively unreasonable way. *Cottone v. Jenne*, 326 F. 3d 1352, 1358 (11th Cir. 2003). Thus, as no genuine issues of material fact remain in this case, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report (D.E. No. 119) is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1. Defendants' motions for summary judgment (D.E. Nos 110, 111, & 112) are **GRANTED**.

2. This case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of August, 2009.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge White
All Counsel of Record
Terry Glispy

---

[1] The Court notes that Plaintiff's conclusory argument that "prior to Plaintiff's assault this same safety concern (co-mingling of shackled and unrestrained inmates was ignored, resulting in other prisoner altercations and injuries" (D.E. No. 120 at 2-3) does not create a genuine issue of material fact that the specific remaining defendants in this case were subjectively aware of a serious risk of harm.